This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**FEDERAL NATIONAL MORTGAGE ASSOCIATION,**

Plaintiff-Appellee,

v.                                                              **NO. A-1-CA-37680**

**ARTHUR R. ARCHULETA,**

Defendant-Appellant,

and

**NICOLE D. ARCHULETA and NEW MEXICO TAXATION AND REVENUE DEPARTMENT,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY**
**Abigail Aragon, District Judge**

Rose L. Brand & Associates, P.C.
Eraina M. Edwards
Andrew P. Yarington
Albuquerque, NM

for Appellee

Arthur R. Archuleta
Las Vegas, NM

Pro Se Appellant

### MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** Arthur R. Archuleta (Defendant), a self-represented litigant, appeals from (1) the summary and stipulated judgment, default foreclosure judgment, order for foreclosure sale, and order denying motion to compel, and (2) the order confirming sale and special master's report. In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** In his memorandum in opposition, Defendant continues to argue that the district court erred in finding that Plaintiff had standing to foreclose and in granting Plaintiff a writ of execution in its order confirming sale. [*See* MIO 1-4] Although Defendant continues to make such arguments, pointing to apparent discrepancies in dates or documents, we remain unpersuaded that the district court erred and are consequently unpersuaded that our proposed disposition was incorrect. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. We therefore refer Defendant to the analysis contained within our calendar notice.

**{3}** We additionally note that, although Defendant apparently believes Plaintiff may not have properly possessed the note, the evidence presented to the district court nonetheless supports its conclusion that Plaintiff was in physical possession of the note, indorsed in blank, when the complaint was filed. Defendant's arguments to the contrary are unpersuasive as a matter of law.

**{4}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{5}** **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**M. MONICA ZAMORA, Chief Judge**

**BRIANA H. ZAMORA, Judge**